UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OTIS A. DANIEL,

                                Plaintiff,

-v-

T&M PROTECTION RESOURCES LLC, ET AL.,

                                Defendants.

13 Civ. 4384 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court has received plaintiff Otis Daniel's letter dated October 12, 2023, asking the Court to re-open this case and set aside judgment pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure. Dkt. 230. This case was closed on July 12, 2018, more than five years ago, following a week-long bench trial. Dkts. 175, 178. On July 27, 2018, the Court denied plaintiff's motion for reconsideration. Dkt. 195. On August 23, 2019, the Second Circuit affirmed the Court's judgment. On June 18, 2020, Mr. Daniel requested that the Court reopen the case and vacate its judgment, a request the Court denied after finding no basis under Rule 60(b)(3) or Rule 60(b)(6) for such relief. Dkt. 212. On July 9, 2020, Mr. Daniel again asked the Court to vacate its decision, which the Court again denied, referring back to its previous order and decision to the same effect. Dkts. 214, 215. On July 16, 2020, Mr. Daniel filed a notice of appeal from the Court's orders on his motion for reconsideration, Dkt. 218, which the Second Circuit rejected as untimely and meritless, Dkt. 219. On April 1, 2021, Mr. Daniel appealed the July 27, 2018 order denying his first motion for reconsideration, Dkt. 220, which the Second Circuit again found untimely and dismissed for lack of jurisdiction, Dkt. 222.

On September 23, 2021, Mr. Daniel again filed a letter with the court seeking recission of the July 27, 2018 order denying his motion for reconsideration. Dkt. 223. The Court rejected this letter-motion as untimely, as Mr. Daniel filed it more than three years after the Court's denial of his motion for reconsideration, and also as lacking merit as it did not raise new facts or law warranting reconsideration. Dkt. 224. On October 8, 2021, Mr. Daniel filed a motion for reconsideration of that decision, Dkts. 223–226, which the Court also denied on July 22, 2022 for not having identified new evidence or law calling the decision into doubt, Dkt. 227. Mr. Daniel appealed that October 8, 2021 decision and the Second Circuit affirmed it. Dkt. 229.

Mr. Daniel's present motion to reopen the case and set aside the judgment is made under Rule 60(d)(3) of the Federal Rules of Civil Procedure. That subsection provides that Rule 60 writ large does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Unlike motions made under Rule 60(b) to set aside a judgment for fraud by an opposing party, Rule 60(d)(3) provides no time-limit for when an assertion made thereunder can be brought. *See Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972). Thus, Mr. Daniel's motion is necessarily timely.

However, the Court will reject Mr. Daniel's motion because it does not raise new facts showing a fraud on the court. Instead, it contains only conclusory allegations that defendants gave false statements, produced forged documents, and put on perjurious testimony at the bench trial before this Court. *See* Dkt. 230 at 5–15. Absent evidence or argument to support these contentions, Mr. Daniel's letter does not raise any ground to cause the Court to disturb its ruling. This case remains closed.

2

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: October 20, 2023
      New York, New York